IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY JAMES SILER, JR., #197367, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:23-cv-382-ECM-JTA |
| WALT MERRILL, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Anthony James Siler, Jr. filed this *pro se* 42 U.S.C. § 1983 action. (Doc. No. 1.) Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process for failure to state a claim on which relief may be granted.

I.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings this suit against District Attorney Walt Merrill, Assistant District Attorney Nikki Stevens, and Judge Lex Short. (Doc. No. 1 at 1, 2.) He alleges that, in May 2023, his trial counsel in his murder case "had just finished a double murder case, and

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

hadn't had but 3 weeks to try and represent [Plaintiff]." (*Id*. at 2–3.) This "wasn't enough time for [Plaintiff's trial counsel] to get up with any of [Plaintiff's] witnesses; to question them and to get up with all of [his] witnesses in [his] favor, like the State had their witnesses[.]" (*Id*. at 3.) Thus, Plaintiff "made a[] clear verbal and documented objection" to his scheduled trial date, and Defendant Judge Short called Plaintiff, Plaintiff's trial counsel, and all the prosecutors into a conference room to discuss the objection. (*Id*.) Judge Short "heard and seen [Plaintiff's] documented objections" but nevertheless "forced [Plaintiff] to go[] into [his] murder case without compulsory process for obtaining witnesses in [his] favor." (*Id*. at 2–3.)

Based on these allegations, Plaintiff claims he was denied due process. (*Id*. at 4.) As relief, he seeks ten million dollars in monetary damages. (*Id*.)

## II.  DISCUSSION

### A.  Purported Claims Against Defendant Judge Lex Short

First, as to Plaintiff's purported claims against Judge Lex Short, it is well established that a plaintiff may not maintain a suit for damages against a judge acting in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam). Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies even when a judge's action was in error, done maliciously, or taken in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted); *Mireles*, 502 U.S. at 11 (holding that judicial immunity is not overcome by allegations of bad faith or malice). This immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57.

2

The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

In this case, Plaintiff alleges simply that Judge Short set a trial date; Plaintiff objected to that trial date; and, after considering Plaintiff's objections, Judge Short "forced [Plaintiff] to go[] into [his] murder case without compulsory process for obtaining witnesses in [his] favor." (*Id*. at 2–3.) Thus, it is clear that the allegations against Judge Short arise from his role as presiding judge over Plaintiff's prior criminal proceedings. There is no indication whatsoever that Judge Short acted outside the scope of his judicial capacity or that his actions were taken in the complete absence of all jurisdiction. *See, e.g., Wells v. White*, No. 21-435-JWD-SDJ, 2022 WL 3096040, at *2 (M.D. La. June 1, 2022) ("[S]etting trial dates, considering motions seeking a jury rather than a bench trial, and appointing counsel are normal judicial functions.").

Accordingly, Judge Short is entitled to absolute judicial immunity, and Plaintiff's purported 42 U.S.C. § 1983 claims against him are due to be DISMISSED.

### B.   Purported Claims Against Defendants District Attorney Walt Merrill and Assistant District Attorney Nikki Stevens

Second, as to Plaintiff's purported claims against District Attorney Walt Merrill and Assistant District Attorney Nikki Stevens, the Complaint does not contain any specific allegations pertaining to these Defendants. It alleges only that these Defendants engaged in "untimely and unethical trial court date and proceedings" (Doc. No. 1 at 3), which is far too vague and conclusory to establish a constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (providing that "[a] pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do[,'] [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Owens v. Sec'y of Fla. Dep't of Corr.*, 812 F. App'x 861, 870 (11th Cir. 2020) (citing *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("[The Eleventh Circuit] has consistently held that conclusory allegations without specific supporting facts have no probative value.")).

Additionally, the Eleventh Circuit has consistently held that "[p]rosecutors performing 'prosecutorial functions' receive absolute immunity and are therefore not subject to suit under 42 U.S.C § 1983." *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (citing *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999)). "Prosecutorial immunity applies . . . to the prosecutor's actions in initiating a prosecution and presenting the State's case." *Jackson*, 534 F. App'x at 859 (quoting *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009)). Importantly, "the determination of absolute prosecutorial immunity depends on the nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty, such as presenting perjured testimony in court." *Hart*, 587 F.3d at 1298 (citing *Jones v. Cannon*, 174 F.3d 1271, 1289 (11th Cir. 1999)). Thus, even accepting as true Plaintiff's vague allegation that Defendants Merrill and Stevens engaged in "unethical" trial proceedings, these Defendants are nevertheless absolutely immune from liability.

Accordingly, Plaintiff's purported 42 U.S.C. § 1983 claims against Defendants Merrill and Stevens are also due to be DISMISSED.

4

### III.   CONCLUSION

Because all three of the named defendants are absolutely immune from suit based on either judicial immunity or prosecutorial immunity, the undersigned finds that any amendment in this case would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.").

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process for failure to state a claim on which relief may be granted.

It is further ORDERED that, on or before **October 27, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of October, 2023.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE